UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 99-CR-51(3) (SRN/FLN) |
| Plaintiff-Respondent, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Byron Reggie Copeland (3), | |
| Defendant-Petitioner. | |

Jeffrey S. Paulsen and John Marti, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, on behalf of Plaintiff-Respondent

Byron Reggie Copeland, U.S.P. Leavenworth, P.O. Box 1000, Leavenworth, Kansas 66048, Pro Se

_____

SUSAN RICHARD NELSON, District Judge

This matter is before the undersigned United States District Judge on Defendant-Petitioner Byron Reggie Copeland's pro se motion pursuant to 28 U.S.C. § 2255 for an order of this Court to vacate, set aside, or correct his sentence (Doc. No. 901) and his pro se Motion for Production of Documents (Doc. No. 902).  The Government opposes Petitioner-Defendant's motion.  (Govt.'s Opp'n Mem. [Doc. No. 904].)  Petitioner-Defendant also filed a reply memorandum to the Government's response to his motion. (Reply [Doc. No. 905].)  Based on a review of the file, record and proceedings therein, and for the reasons set forth below, the Court denies Defendant-Petitioner's Motion to

1

Vacate, and grants in part and denies in part his Motion for Production of Documents.

## I. BACKGROUND

In March 1999, Defendant-Petitioner was charged in a multi-count indictment with seventeen other defendants on drug conspiracy-related charges. (Indictment [Doc. No. 1].) Following a plea agreement, on May 30, 2003, Defendant-Petitioner was sentenced to time served on a single count of conspiracy to distribute cocaine and cocaine base, and was placed on supervised release for a period of ten years. (Minutes [Doc. No. 769]; Sentencing J. [Doc. No. 770]; Am. J. [Doc. No. 771].) During this ten-year period, Copeland violated his conditions of supervised release several times, for which he was separately sentenced on January 23, 2004 [Doc. Nos. 799; 800], December 6, 2005 [Doc. Nos. 812; 813], and December 21, 2012 [Doc. Nos. 898; 899].

In the § 2255 motion presently before the Court, Copeland seeks to vacate the most recent sentence issued on December 21, 2012. The allegations that led to Copeland's December 21 sentencing are found in the Petition on Supervised Release dated October 9, 2012. In the Petition on Supervised Release, a United States Probation Officer alleged that Copeland had violated two previously-imposed mandatory conditions of supervised release: (1) that he not commit another federal, state, or local crime; and (2) that he not unlawfully possess a controlled substance. (Petition at 1 [Doc. No. 889].) In support of these claims, the Petition on Supervised Release alleged that in 2012, law enforcement officers determined that Copeland was involved in narcotics trafficking and that he admitted to selling marijuana. (Id. at 1-2.)  The Petition also alleged that

2

Defendant-Petitioner was charged with fifth degree misdemeanor assault in Ramsey County District Court. (Id. at 2.) In addition, the Petition on Supervised Release alleged that Copeland violated a previously-imposed standard condition of supervised release – that he not leave this judicial district without permission of the court or probation officer. (Id. at 2.) As further alleged, Copeland admitted to law enforcement officers that he had traveled to California without authorization on multiple occasions during the period of his supervised release. (Id.)

On December 21, 2012, a final hearing on the revocation of Copeland's supervised release was held before the undersigned judge. (Minutes of 12/21/12 Hearing [Doc. No. 898].) At that hearing, Copeland admitted to the violations alleged in the Petition on Supervised Release, with the exception of the assault allegation. (Tr. at 4-6 [Doc. No. 912].) Because the assault charge was still pending in state court at the time of Copeland's final revocation hearing, it was not included in the analysis of his supervised release violations. (Id. at 6.) As a result of Copeland's admission, the Government did not present evidence or witness testimony at the final revocation hearing in support of the allegations contained in the Petition on Supervised Release. (Id. at 4-5.) In exchange for Copeland's admission, the Government joined with Defendant-Petitioner in recommending to the Court a sentence of 24 months with no supervised release upon completion of the sentence. (Id.) In addition, the Government recommended that Copeland be given a reasonable period of time for voluntary surrender. (Id. at 4.) Copeland was represented by attorney James Behrenbrinker at the hearing.

At the hearing, the Court informed Copeland that he was free to admit or deny the allegations. (Id. at 5.) If he chose to admit them, the Court advised that the allegations would be accepted as true. If he chose to deny them, the Government would be required to establish that the allegations were true by a preponderance of the evidence. (Id.) Indicating that he understood that he was giving up certain rights by admitting the allegations, Defendant-Petitioner admitted them:

> THE COURT: And do you choose today to admit those allegations or deny them?
>
> DEFENDANT: I choose to admit them.

(Id. at 4-6.) Accordingly, the Court found that Copeland had violated the terms and conditions of his supervised release. (Id. at 6-7.)

In determining an appropriate sentence for these violations, the Court observed that one of the violations to which Copeland had admitted guilt was a Grade A violation. (Id. at 7.) Further, the court noted that Copeland's Criminal History Score was VI. (Id.) The Court indicated that under these circumstances, the advisory United States Sentencing Guidelines (the "Guidelines") recommend a sentencing range of 51-60 months. (Id.) However, because Copeland had been imprisoned for 12 months, the maximum sentence that he would face was 48 months. (Id.) Copeland indicated his understanding of the kinds of sentences available and the sentencing ranges. (Id.)

In issuing the sentence, the Court considered the sentencing factors found in 18 U.S.C. § 3553(a), including the seriousness of the offense, the need for punishment and

deterrence, the protection of the public, and the need for Defendant-Petitioner to obtain treatment and training. (Id. at 8.) In addition, the Court noted Copeland's long history of criminal activity. (Id.) The Court further advised Defendant-Petitioner of his Criminal History Category, the classification of the supervised release violations, and the kinds of sentences and range of sentences available. (Id. at 6-7.) The Court thereupon accepted the recommendation of a 24-month sentence to which the parties had agreed and allowed Copeland a period of time for voluntary surrender. (Id. at 7-8.)

Defendant-Petitioner did not appeal this sentence. On November 13, 2013, Defendant-Petitioner filed the instant pro se § 2255 motion alleging that his December 21, 2012 sentence violates the Due Process Clause and that he received ineffective assistance of counsel related to this sentencing. (Pet. & Mot. to Vacate at 5-6 [Doc. No. 901].) Specifically, Defendant contends that his counsel was ineffective for failing to object to the sentence or to appeal it on due process grounds. (Id.)

In connection with his § 2255 motion, Defendant-Petitioner also seeks the production of certain documents from the Clerk of Court. (Motion to Produce at 1 [Doc. No. 902].)

## II. DISCUSSION

### A. Standard for Relief

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or

that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

While § 2255 generally affords relief, it is only available in limited circumstances. The Eighth Circuit has held that:

> [r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir.1996) (citation omitted). Alternatively, any procedural default can be excused if the defendant is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A petition can be dismissed without a hearing if: "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

### B. Due Process Claim

In essence, Copeland claims that his sentence violates the Due Process Clause because it is excessive. (Pet. & Mot. to Vacate at 5 [Doc. No. 901].) He argues that he

has a Criminal History Category of II and that the supervised release violations were Grade C violations, which should have resulted in a much lower sentence than 24 months. (Id.; Reply at 3 [Doc. No. 905].)

As an initial matter, claims that could have been raised on direct appeal, but were not, may not be brought in a § 2255 petition. See Rogers v. United States, 1 F.3d 697, 699 (8th Cir. 1993). Copeland contends that his due process claim "arose after the time for direct appeal had expired" and that his attorney failed to preserve his right to appeal. (Pet. & Mot. to Vacate at 5 [Doc. No. 901].) The Court disagrees as to the first point – there is nothing about Copeland's due process claim that arose after the expiration of time for direct appeal. In any event, at the December 21, 2012 hearing, Copeland waived his right to appeal. (Tr. at 9 [Doc. No. 912].) The Court addresses Copeland's ineffective assistance of counsel claim separately.

As noted, beyond jurisdictional and constitutional errors, the permissible scope of § 2255 claims is "severely limited." Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (en banc). Specifically, "'ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim.'" Id. (collecting cases). Copeland's claims present ordinary questions of guideline interpretation and fail to meet the miscarriage-of-justice standard. "An unlawful or illegal sentence is one imposed without, or in excess of, statutory authority." Id. (holding that even a post-conviction change in the law does not trigger the miscarriage-of-justice exception.)

The sentence imposed here was imposed well within statutory authority. It was issued with reference to the advisory Guidelines, and with consideration of Defendant-Petitioner's applicable Criminal History Category and supervised release classification. Despite Copeland's contention that his Criminal History Category is II, since the time of his first federal sentencing on May 30, 2003, his Criminal History Category has been VI. At that time, based on his prior criminal history and because he had committed the federal drug conspiracy offense while on supervised release and less than two years following his release from custody, Copeland was determined to be in Category VI under the Guidelines' career offender provisions.[1] See U.S.S.G. § 4B1.1. The Guidelines applicable to supervised release violations provide that "[t]he criminal history category is the category applicable <u>at the time the defendant originally was sentenced to a term of supervision</u>." U.S.S.G. § 7B1.4(a) (emphasis added). Copeland improperly calculates his Criminal History Category from the time of his 2012 violations. (Reply at 4 [Doc No. 905].) At the time of Defendant-Petitioner's first sentence to a term of supervision in 2003, his Criminal History Category was VI. Accordingly, as of Copeland's December 21, 2012 sentencing, his Criminal History Category remained VI.

The Guidelines classify supervised release violations in three "grades:" A, B, and C. U.S.S.G. § 7B1.1(a)(1). Grade A violations consist of "conduct constituting a federal, state, or local offense punishable by a term of imprisonment exceeding one year . . . that .

---

[1] Copeland has two prior felony convictions for crimes of violence and was also convicted for being a felon in possession of a firearm.

. . is a controlled substance offense. . . . U.S.S.G. § 7B1.1(a). Grade C violations consist of "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." Id. The Guidelines further provide that "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

The Petition on Supervised Release alleged that Copeland committed a federal, state, or local crime based, in part, on Copeland's admission to law enforcement of selling marijuana. (Petition at 2 [Doc. No. 889].) At Copeland's final revocation hearing and sentencing, Counsel for both the Government and for the defense agreed that their joint recommendation included Copeland's admission to the sale of controlled substances. (Tr. at 3-4 [Doc. No. 912].) Copeland himself admitted to the allegations in the Petition on Supervised Release, with the exception of the pending assault charge. (Id. at 5-6.)

Copeland cites United States v. Malloy, 343 Fed. App'x. 149, 150 (8th Cir. 2009), in support of his argument that when the Government forgoes the presentation of evidence at a final revocation hearing, the supervised release violation is not proven. Copeland fundamentally misunderstands Malloy. In Malloy the district court considered both controlled substance supervised release violations and other supervised release violations for public intoxication and failing to obey a peace officer. Id. Malloy admitted to the controlled substance violations, but denied the other violations. Id. Because the

9

Government elected not to present evidence on the other violations, the Court found them not proven. Id. Here, in contrast, Copeland admitted to all of the allegations in the Petition on Supervised Release (Tr. at 7 [Doc. No. 912]), except for the assault allegation. Accordingly, the Government was not required to present evidence as to any of these allegations.

The Court found the drug violation to be a Grade A violation. (Id. at 7.) Because Copeland was in Criminal History Category VI, a Grade A violation would have resulted in an advisory guideline range of 51-60 months.[2] (Id.) The Court informed Petitioner-Defendant of this possible range of sentence and he indicated his understanding. (Id.) However, because Defendant-Petitioner had already served 12 months on a prior revocation, the Court could only sentence him to a maximum of 48 months. (Id.) In his Reply, Defendant-Petitioner asserts, "Mr. Copeland did agree to a 24 month sentence on the advice of counsel that 24 months was the advisory guideline sentence range for a grade A violation." (Reply at 4 [Doc. No. 905].) Noting that in the Government's Opposition Memorandum, the Government indicated that Grade C violations carried an 8-14 month advisory sentence, Copeland argues that his "counsel's advice was erroneous." (Id.) Again, Copeland's statements made at sentencing contradict his current arguments – he fully understood the much-higher possible range of sentencing for a Grade A

---

[2] Although the 2012 Guidelines appear to identify a range of 51-63 months, U.S.S.G. § 7B1.4(a) (2012), the Court noted at sentencing that the possible advisory range was 51-60 months. (Tr. at 7 [Doc. No. 912].) Counsel for the Government also refers to an advisory range of 51-60 months. (Govt.'s Resp. at 3 [Doc. No. 904].)

violation and freely agreed to a 24-month sentence.  (Tr. at 4-5 [Doc. No. 912].)

In addition to the drug distribution violation, Copeland also admitted that he had left the District of Minnesota without the authorization of his probation officer and had unlawfully possessed controlled substances.  (Id. at 3-6 .)  As the Government asserts, these offenses appear to be Grade C offenses, for which the advisory Guidelines range for each of them was 8-14 months.  U.S.S.G. § 7B1.1(a)(3).

In its discretion, the Court accepted the parties' recommendation to a sentence of 24 months, to be followed by no period of supervised release.  (Tr. at 8 [Doc. No. 912].)  This sentence was well below the advisory Guidelines Range for a Grade A violation.  Moreover, even if Copeland had only admitted to two Grade C violations for possession of controlled substances and for leaving Minnesota without authorization, the advisory Guideline range for each Grade C violation for a Criminal History VI offender is 8-14 months.  U.S.S.G. § 7B1.4(a).  As noted, the Court articulated good reasons for sentencing Defendant-Petitioner above this threshold, but below the 51-60 month advisory range.  (Tr. at 8 [Doc. No. 912].)

For all of the foregoing reasons, Copeland's 24-month sentence does not violate the Due Process Clause.  The sentence was not unlawfully "imposed . . . in excess of statutory authority."  Sun Bear, 644 F.3d at 704.  Finding no miscarriage of justice, Defendant-Petitioner's due process claim fails and his claim for relief on this ground is denied.

### C. Ineffective Assistance of Counsel

As noted, Defendant-Petitioner asserts that he received ineffective assistance of counsel with respect to the December 21, 2012 sentencing. He contends that his counsel was ineffective for failing to object to his sentence on due process grounds.

In order to obtain relief for ineffective assistance of counsel, Petitioner-Defendant must establish both that his counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 688 (1984). Petitioner-Defendant bears the burden of establishing to a reasonably probability that, but for his counsel's errors, the result of the proceeding would have been different. Id. This is a "heavy burden," Apfel, 97 F.3d at 1076, requiring a showing that the deficiency in counsel's performance was "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. A defendant must show that counsel's errors were not the result of "reasonable professional judgment." Id. at 690. Moreover, a court's review of counsel's performance is highly deferential, and there is a strong presumption of adequate assistance. Id. A defendant must then show that the deficient performance actually prejudiced the outcome of the proceedings. Id. at 687.

Petitioner-Defendant fails to meet the heavy burden necessary to demonstrate that counsel provided ineffective assistance. For all of the reasons noted above with respect to Copeland's due process claim, any appeal of his sentence would have been frivolous. Copeland accepted a 24-month sentence as part of a negotiated settlement with the

Government and the Court's reasons for imposing a 24-month sentence were sound. Accordingly, Defendant-Petitioner's claim for relief on the basis of ineffective assistance of counsel is denied.[3]

### D. Motion for Production of Documents

Defendant-Petitioner also moves for the Clerk of Court to produce the following documents in support of his § 2255 Motion to Vacate:

1. Petition to Revoke Supervised Release;

2. Reports on Offender Under Supervision used to support the Petition to Revoke Supervised Release;

3. Report and Recommendation concerning admissions to the Petition to Revoke Supervised Release; and

4. Findings that Defendant Violated a Condition of Supervised Release.

(Mot. for Prod. of Docs. at 1 [Doc. No. 902].)

Although this request is essentially rendered moot by virtue of this ruling, the Court grants the request in part as to the Petition on Supervised Release [Doc. No. 889] and the Transcript [Doc. No. 912]), which serves as the "finding[] that Defendant Violated a Condition of Supervised Released" requested above. As to any other documents, Defendant-Petitioner's motion is denied. The other documents identified by Copeland are not in the possession of the Clerk of Court, to the extent that any such

---

[3] As Defendant-Petitioner's claims are contradicted by the record and the law, his § 2255 motion is denied without an evidentiary hearing. Engelen, 68 F.3d at 240.

documents exist. Moreover, had Defendant-Petitioner denied the supervised release violations at the final revocation hearing, evidence supporting the allegations would have have been offered in evidence. Copeland chose to admit to the allegations, therefore the Government was not required to submit such evidence. Accordingly, no such evidence is in the record.

### E. Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a Certificate of Appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). This Court has considered whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable among reasonable jurists." Fleiger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a certificate of appealability.

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant-Petitioner Byron Reggie Copeland's pro se motion pursuant to 28 U.S.C. § 2255 for an order of this Court to vacate, set aside, or correct his sentence (Doc. No. 901) is **DENIED**;

2. Defendant-Petitioner's pro se Motion for Production of Documents (Doc. No. 902) is **GRANTED in part** as to the Petition on Supervised Release

[Doc. No. 889] and the Transcript [Doc. No. 912], but **DENIED in part** as to any other requested documents;

3. The Clerk's Office is directed to provide to Defendant-Petitioner a copy of the Petition on Supervised Release [Doc. No. 889] and the Transcript [Doc. No. 912];

4. No evidentiary hearing is required in this matter; and

5. A Certificate of Appealability is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 12, 2014

                                       s/Susan Richard Nelson
                                       SUSAN RICHARD NELSON
                                       United States District Court Judge